UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ALDO BECERRA<br>    PLAINTIFF<br><br>VS.<br><br>OFFICER RAUL TOVAR, OFFICER<br>ANDREW GARZA, OFFICER JOHN<br>DOE, MCALLEN POLICE CHIEF<br>VICTOR RODRIGUEZ, and THE<br>CITY OF MCALLEN<br>    DEFENDANTS | §<br>§<br>§<br>§<br>§    CIVIL ACTION 7:19-CV-236<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE DISTRICT COURT:**

**NOW COMES,** Aldo Becerra (hereinafter "Plaintiff") complaining of Officer R. Tovar, Officer A. Garza, McAllen Police Chief Victor Rodriguez, and the City of McAllen (hereinafter "Defendant"), and for cause of action would respectfully show unto the Court and Jury the following:

**PRELIMINARY STATEMENT**

1. Plaintiff, Aldo Becerra, who was a victim of excessive force, commences this action pursuant to 42 USC § 1983, which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the United States Constitution and laws.

2. Plaintiff also asserts compensatory and punitive damages, together with a reasonable attorney's fee as authorized by 42 USC §1988.

**VENUE AND JURISDICTION**

3. Jurisdiction over Plaintiff's constitutional claim for which redress is provided by 42 USC § 1983 is conferred on the Court by 28 USC § 1343(a)(3). Federal question jurisdiction

1

is also conferred on this Court by 28 USC § 1331, because this action arises under the Constitution and laws of the United States. The practices alleged herein were committed within the Jurisdiction of the United States District Court for the Southern District of Texas, McAllen Division.

### PARTIES

4. Plaintiff is a Texas resident.

5. Defendant, **City of McAllen**, is and was at all times relevant herein a municipal entity created and authorized under the law of the State of Texas. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement. Defendant may be served with process by serving and through its City Mayor Jim Darling at 1300 Houston Avenue, City Hall – 2nd Floor, McAllen, Texas 78501.

6. Defendant, **Chief of Police Victor Rodriguez**, was acting as Police Chief for the City of McAllen at all relevant times herein. Defendant may be served with process at 1601 N. Bicentennial Blvd., McAllen, Texas 78501.

7. Defendant, **Officer Raul Tovar #12519** individually and in his official capacity, was a police officer for the City of McAllen Police Department at all relevant times herein and at all relevant times herein was acting under the color of state law. Defendant may be served with process at 1601 N. Bicentennial Blvd., McAllen, Texas 78501.

8. Defendant, **Officer Andrew Garza # 12525** individually and in his official capacity, was a police officer for the City of McAllen Police Department at all relevant times herein and at all relevant times herein was acting under the color of state law. Defendant may be served with process at 1601 N. Bicentennial Blvd., McAllen, Texas 78501.

9. Defendant, **Officer John Doe** individually and in his official capacity, was a police officer for the City of McAllen Police Department at all relevant times herein and at all relevant

times herein was acting under the color of state law. Defendant may be served with process at 1601 N. Bicentennial Blvd., McAllen, Texas 78501.

## FACTS

10. On or about July 17, 2017, Plaintiff, Aldo Becerra became a victim of police brutality and has a reasonable belief, based on his recollection, that Officer Raul Tovar of the McAllen Police department was the aggressor. On said date, Plaintiff was awakened in the early morning hours due to yelling stemming from an altercation taking place outside of his home where he resides with his mother located at 506 S. 21st, McAllen, Texas 78501. Numerous police officers had arrived at the location to investigate a theft which had occurred earlier in the evening at a local convenience store and were in the process of detaining suspects. Plaintiff exited his home in a muscle shirt and boxer shorts to witness his mother asking police officers what the commotion was about.

11. While assessing the situation, Plaintiff and his mother noticed that Diego Becerra, Plaintiff's brother, was being questioned on the property and ultimately placed under arrest for unpaid traffic tickets. Plaintiff's mother asked the officers why they were arresting her son. Officer Tovar yelled at Plaintiff and Plaintiff's mother "Get your f***ing ass inside." Plaintiff remained in the area with his mother behind him to observe the arrest of his brother but no closer than at least fifteen to twenty feet away.

12. Seeing that Plaintiff had not gone back inside the residence, Officer Tovar then aggressively approached Plaintiff stating, "I told you to get your f***ing ass inside." While Officer Tovar approached, Plaintiff put his hands in the air. Officer Tovar grabbed Plaintiff by the wrist and flipped him onto the ground. Said officer continued to twist the Plaintiff' wrist and placed himself on top of Plaintiff holding his wrist in a contorted position. Following said act, Officer Tovar placed handcuffs on Plaintiff.

13. Plaintiff experienced excruciating pain to his left wrist, arm, and ankle which was a result of the excessive force used to flip Plaintiff onto the ground. Officer Tovar remained on top of Plaintiff after securing him for an additional one to two minutes. While on top of Plaintiff, an unknown officer with the McAllen Police Department told Officer Tovar that what he had done was "uncalled for" and then stated to Plaintiff, "He [Officer Tovar] had a gun pointed to his head yesterday." At the time that Officer Tovar grabbed and flipped Plaintiff to the ground, Plaintiff did not pose a significant threat of death or serious physical injury to the Officer or anyone else.

14. A short time later, Plaintiff was helped up and was allowed to sit. The handcuffs were taken off and after a short investigation at the aforementioned location, it was determined that Plaintiff was not involved with the theft and was released not being charged with any crime including resisting arrest.

15. Later that day, Plaintiff was taken to the hospital for wrist pain and swelling as a result of the excessive force used against Plaintiff. It was discovered that Plaintiff sustained injuries resulting from the forced used against him, specifically, a fracture of the distal radius and ulnar styloid.

16. All of the acts and/or omissions complained of herein were objectively unreasonable because of the surrounding circumstances as well as the clearly established law in effect at the time of the Defendant's actions and/or omissions.

17. Additionally, all of the acts and/or omissions of Defendants were wanton, malicious, and done in conscious disregard of, and with deliberate indifference to, the rights and needs of Plaintiff rendering appropriate the award of punitive damages.

18. However, notwithstanding the above-referenced facts, Plaintiff also has a reasonable belief that Officer Andrew Garza may be the Officer that perpetrated the above-referenced actions. Said belief is based on police reports received from the McAllen Police

Department. Said reports indicate that Officer Garza detained the Plaintiff. In correlation with Plaintiff's recollection of events, Officer Garza states in his report that Plaintiff exited his home when he heard officers at the location. He also states that officer Tovar assisted in detaining multiple individuals at the scene of the incident. However, there was no mention of the excessive force used against Plaintiff in any report. Plaintiff was only identified as the "homeowner" and was released at the end of the investigation without being charged.

19. In the alternative, should the names of the individuals mentioned be in error due to the mistaken reasonable belief of Plaintiff, Plaintiff claims Officer John Doe with the McAllen Police Department used excessive force while restraining and detaining Plaintiff in the same manner as stated above in paragraphs 10 through 15.

## CAUSES OF ACTION

**A.      CITY OF MCALLEN**

20. Plaintiff incorporates all of the aforementioned Facts.

21. Defendant City of McAllen has a policy and/or custom of condoning and authorizing the use of excessive force/dangerous recklessness against suspects and/or individuals either in custody or not. The City of McAllen was deliberately indifferent to rights of persons whom the police would come into contact with when it adopted its inadequate hiring/screening, inadequate training, and inadequate investigative policies.

**B.      POLICE CHIEF VICTOR RODRIGUEZ**

22. Plaintiff incorporates all of the aforementioned Facts.

23. Defendant Rodriguez did not overtly personally participate in the aforementioned offensive acts; however, Defendant is liable because he permits the systematic maladministration of the law. Defendant's Police Department have had other instances in which excessive force is alleged against his officers. Defendant was deliberately indifferent concerning the training and

5

supervision of the aforementioned officers in that he failed to adequately screen/supervise and train the Defendant officers. The current screening/supervision and training mechanisms utilized by the McAllen Police Department are deficient and Defendant Rodriguez knew or should have known of the deficiencies and they failed to reasonably address the deficiencies.

**C.     OFFICER RAUL TOVAR**

24.    Plaintiff incorporates all of the aforementioned Facts.

25.    The aforementioned facts amount to an unreasonable seizure and wrongful use of excessive force when police officer Raul Tovar wrongfully and viciously grabbed and flipped Aldo Becerra viciously to the ground in violation of rights guaranteed to Aldo Becerra by the Fourth and Fourteenth Amendments to the United States Constitution. These causes of action are constitutional torts as labeled by numerous federal courts and thus are actionable under 42 USC §1983.

**D.     OFFICER ANDREW GARZA**

26.    Plaintiff incorporates all of the aforementioned Facts.

27.    The aforementioned facts amount to an unreasonable seizure and wrongful use of excessive force when police officer Andrew Garza wrongfully and viciously grabbed and flipped Aldo Becerra viciously to the ground in violation of rights guaranteed to Aldo Becerra by the Fourth and Fourteenth Amendments to the United States Constitution. These causes of action are constitutional torts as labeled by numerous federal courts and thus are actionable under 42 USC §1983.

**E.     OFFICER JOHN DOE**

28.    Plaintiff incorporates all of the aforementioned Facts.

29.    In the event that the aforementioned facts about Plaintiff Aldo Becerra's recollection as to who used excessive and unnecessary force are incorrect, Plaintiff asserts that an

unreasonable seizure and wrongful use of excessive force occurred when police officer John Doe wrongfully and viciously grabbed and flipped Plaintiff viciously to the ground in violation of rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution. These causes of action are constitutional torts as labeled by numerous federal courts and thus are actionable under 42 USC §1983.

30. Defendants are jointly and severally liable to Plaintiff for compensatory damages and statutory attorney's fees. In addition, Defendants are separately liable for punitive damages.

### ACTUAL DAMAGES

31. By reason of the above actions alleged in paragraphs 10 through 15, Plaintiff has been damaged in an amount beyond the minimum jurisdictional level of this court, for which Defendants are jointly and severally liable.

### COMPENTSATORY DAMAGES

32. Pursuant to the federal statutes cited above, Plaintiff is entitled to compensatory damages.

### EXEMPLARY DAMAGES

33. Paragraphs 10 through 15 are incorporated herein by reference. Defendants acted intentionally, willfully, and in wanton disregard of the rights of the Plaintiff herein. Thus, in addition to compensatory damages, an award of exemplary damages in an amount to be determined by a Jury, such amount being necessary to deter the Defendants from repeating such wrongful acts in the future.

### ATTORNEY FEES

34. Pursuant to the federal statutes under which Plaintiff sues, Plaintiff has been forced to retain the undersigned attorneys to prosecute this claim on his behalf, and he is entitled to recover necessary and reasonable attorney's fees, costs of litigation, together with such additional

attorney's fees as may be awarded by the Court and, in the event of an appeal, to the Fifth Circuit Court of Appeals and the United State Supreme Court, and costs of Court.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, and for a trial by jury. Upon trial, Plaintiff prays for an award against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, together with exemplary damages, reasonable attorneys' fees, costs of court, pre-judgment and post-judgment interest, and entry of declaratory relief and an injunction barring Defendants from interfering with Plaintiff's job security and such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**FLORES & TORRES, LLP**

By: */s/ David L. Flores*
David L. Flores
State Bar No.: 24040909
Email: davidf@floresandtorresllp.com
Eduardo Torres
State Bar No.: 24051438
Email: tonyt@floresandtorresllp.com
118 East Cano Street
Edinburg, Texas 78539
Telephone: (956) 287-9191
Facsimile: (956) 287-9190
Email: maryq@floresandtorresllp.com (Assistant)
***Attorneys for Plaintiff Aldo Becerra***