# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| ALDO BECERRA § | | |
|     Plaintiff § | | |
| § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. 7:19-cv-00236 |
| § | | |
| OFFICER RAUL TOVAR, § | | |
| OFFICER ANDREW GARZA, § | | |
| OFFICER JOHN DOE, § | | |
| MCALLEN POLICE CHIEF § | | |
| VICTOR RODRIGUEZ, AND § | | |
| THE CITY OF MCALLEN § | | |
|     Defendants § | | |

## DEFENDANTS OFFICER RAUL TOVAR, OFFICER ANDREW GARZA, MCALLEN POLICE CHIEF VICTOR RODRIGUEZ AND THE CITY OF MCALLEN'S FIRST AMENDED MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

**TO THE HONORABLE JUDGE HINOJOSA,
UNITED STATES DISTRICT COURT:**

    Comes Now Defendants Officer Raul Tovar, Officer Andrew Garza, McAllen Police Chief Victor Rodriguez and the City of McAllen (the "Defendants") and pursuant to Federal Rule of Civil Procedure 12(b)(6) file this First Amended Motion to Dismiss Plaintiff's claims contained in Plaintiff's First Amended Original

1

Complaint.[1] This motion seeks the dismissal of Plaintiff's Section 1983 claims against the Defendants, and Plaintiff's exemplary/punitive damages claim against the Defendants. In support thereof, the Defendants respectfully show the Court as follows:

## I. Summary

**1.01** Plaintiff's §1983 claims against the Defendants should be dismissed because Plaintiff has failed to state a claim upon which relief can be granted. Specifically, Plaintiff has failed to allege that a policy, custom or practice of the City of McAllen caused Plaintiff to suffer a constitutional deprivation. The Fourteenth Amendment due process clause cannot be invoked to complain of actions taken during an arrest. That claim may only be pursued through the Fourth Amendment. Although the Fourth Amendment may be invoked to complain of an excessive use of force in making an arrest, the individual Defendants are entitled to qualified immunity on this and all other claims because Plaintiffs have not identified facts to establish any

---

[1] Pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendant is not required to file an answer until fourteen (14) days after the Court rules on a motion filed pursuant to Rule 12. This extension applies whether or not the motion relates to some or all of the claims alleged in Plaintiffs' complaint. *See* Charles Alan Wright & Arthur R. Miller, 5B Fed. Prac. & Proc. Civ. 3d § 1346 (West 2006); *See also Morgan v. Gandalf, Ltd.*, 165 Fed. Appx. 425, 428 (6th Cir. 2006); *Bertaut v. Parish of Jefferson*, 2002 U.S. Dist. LEXIS 21984 (E.D. La. 2002); *Torres v. Goddard*, 2007 U.S. Dist. LEXIS 2341, at *3-4 (D. Ariz. 2007); *Lefebvre v. Barnhart*, 2006 U.S. Dist. LEXIS 40582 (D. Vt. 2006); *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 638-639 (N.D. Iowa 2006); *Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002); *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 122 (D. Mass. 2001); *Finnegan v. University of Rochester Med. Ctr.*, 180 F.R.D. 247, 249-250 (W.D.N.Y. 1998); *Oil Express Nat'l, Inc. v. D'Alessandro*, 173 F.R.D. 219, 220 (N.D. Ill. 1997); *Alex. Brown & Sons Inc. v. Marine Midland Banks, Inc.*, 1997 U.S. Dist. LEXIS 2342; 1997 WL 97837, at *7 (S.D.N.Y. 1997); *Circuit City Stores, Inc. v. Citgo Petroleum Corp.,* 1994 U.S. Dist. LEXIS 12634, 1994 WL 483463, *4 (E.D. Pa. 1994); *Brocksopp Engineering, Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485, 486-87 (E.D. Wis. 1991); *Ricciuti v. New York City Transit Auth.*, 1991 U.S. Dist. LEXIS 13981; 1991 WL 221110, at *2 (S.D.N.Y. 1991); *Business Incentives Co. v. Sony Corp. of America*, 397 F. Supp. 63, 64-65 (S.D.N.Y. 1975).

Defendant violated a clearly established constitutional right or that any Defendant's actions were not objectively reasonable. Plaintiff's claim for exemplary/punitive damages should be dismissed because punitive damages are not recoverable against a governmental entity under the actions pled.

## II. Standard of Review under Rule 12(b)(6)

**2.01** To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. The Court should "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

**2.02** Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S at 555). Rule 8 demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations and does not unlock

3

the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.; Twomby*, 550 U.S. at 555; *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1034 (5th Cir. 2010).

**2.03** "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678; *Twombly*, 550 U.S. at 555. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

**2.04** The pleadings must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Twombly*, 550 U.S. at 570; *see also Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breaches Litig.)*, 495 F.3d 191, 205 (5th Cir. 2007).

### III. Plaintiff's §1983 claims against the City should be dismissed for failure to state a claim for relief.

**3.01** Plaintiff seeks to impose liability on the City for the alleged constitutional violations of its employees, but municipal liability under §1983 cannot be predicated on the doctrine of *respondeat superior. Monell v. New York Department of Social Services,* 436 U.S. 658, 690-94, 98 S.Ct. 2018 (1978). Municipalities are not liable for the constitutional torts of their employees unless those employees act pursuant to official policy or custom. *See Piotrowski v. City of Houston*, 237 F.3d 567, 579

(5th Cir. 2001). Municipal liability requires proof of three elements: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (quoting *Pineda v. City of Houston,* 291 F.3d 325, 328 (5th Cir. 2002)) (some internal quotation marks omitted).

**3.02** The first element requires that plaintiffs adequately plead an official policy or custom. "[A] policy can be shown through evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." *Id.* at 542 (citing *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003)). Although a "single decision by a policy maker may, under certain circumstances, constitute a policy for which a municipality may be liable[,] . . . this 'single incident exception' is extremely narrow and gives rise to municipal liability only if the municipal actor is a final policymaker." *Id.* (citations, brackets, and some internal quotation marks omitted). A custom is "a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski,* 237 F.3d at 579 (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc) (per curiam)).

**3.03** To satisfy the second element, the plaintiff must adequately plead that "actual or constructive knowledge of a custom [is] attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority." *Valle,* 613 F.3d at 542 (brackets omitted) (quoting *Webster,* 735 F.2d at 842); *Piotrowski,* 237 F.3d at 579. Liability attaches only when a final policymaker (as distinguished from a final decisionmaker), who has "the responsibility for making law or setting policy in any given area of a local government's business," establishes the municipal policy with respect to the action ordered. *See City of St. Louis v. Praprotnik,* 485 U.S. 112, 125 (1988); *see also Jett v. Dall. Indep. Sch. Dist.*, 7 F.3d 1241, 1247 (5th Cir. 1993) (explaining distinction between final policymaking authority and mere decisionmaking); *Bolton v. City of Dallas, Tex.*, 541 F.3d 545, 548-49 (5th Cir. 2008) (per curiam) ("Our analysis must also take into account the difference between final decisionmaking authority and final policymaking authority, a distinction that this circuit recognized as fundamental. . . . [D]iscretion to exercise a particular function does not necessarily entail final policymaking authority over that function." (citations omitted)).

**3.04** The third element requires that the plaintiff adequately plead that the municipal policy or custom was the "moving force" of the constitutional deprivation, which requires a "high threshold of proof." *Piotrowski,* 237 F.3d at 580 (citing *Monell v. Dep't of Soc. Servs. of N.Y.,* 436 U.S. 658, 694 (1978)). The "plaintiff must

show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Valle,* 613 F.3d at 542 (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)) (internal quotation marks omitted). The plaintiff therefore "must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Id.* (quoting *Bd. of Cnty. Comm'rs*, 520 U.S. at 411) (internal quotation marks omitted)

**3.05** Plaintiff has the burden to plead specific facts, rather than conclusory allegations, which would establish more than a mere possibility that the alleged deprivations of Plaintiff's legal rights were due to a policy, practice or custom of the City. In support of his §1983 claims against the City, Plaintiff alleges the following:

- "The training policies of Defendant City of McAllen were not adequate to train its officers to handle the usual and recurring situations with which they must deal."  Plaintiff's First Amended Original Complaint at ¶ 23.

- "Defendant City of McAllen was deliberately indifferent to the obvious consequences of its failure to train its officers adequately when hiring police Chief Victor Rodriguez. Chief Rodriguez did not provide and/or implement policies to remove an officer from active

duty when an officer has experienced a dangerous, potentially traumatic, event." Plaintiff's First Amended Original Complaint at ¶ 24.

- "Defendant officers acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant City of McAllen. On information and belief, Defendant Officers ere not disciplined, reprimanded, retrained, suspended, placed on leave, or otherwise penalized in connection with Plaintiff's injuries." Plaintiff's First Amended Original Complaint at ¶ 26.
- "Defendant City of McAllen, as policy makers and supervisors, maintained, [sic] the following unconstitutional customs, practices and polies [sic]:

    (a) Using excessive force;

    (b) Providing inadequate training regarding the use of force;

    (c) Employing and retaining as police officers such as Defendant Officers, who Defendant City of McAllen at all times material herein knew or reasonable [sic] should have know [sic] had dangerous propensities for abusing their authority and for using excessive force."

    Plaintiff's First Amended Original Complaint at ¶ 27.

**3.06** Even after amending his complaint, Plaintiff relies solely on self-serving, conclusory allegations. Plaintiff has not sufficiently pleaded the elements of his §1983 claim because, once the conclusory allegations are removed, Plaintiff's Complaint is devoid of any material facts regarding the City's policies, customs, or practices. Plaintiff has failed to plead any facts to identify the final policymaker or any alleged knowledge of the unnamed final policymaker relating to any custom, policy, or practice of the City. The culpable involvement by the City's final policymaker is an essential element of a §1983 claim against a municipality. Here, Plaintiff pleads ***no facts***, conclusory or otherwise, which would establish or support an inference of such culpable knowledge or deliberate indifference by any policy making official for the City. Thus, Plaintiff has not plausibly alleged, under the standard articulated in *Iqbal,* 556 U.S. at 678-79 and *Twombly,* 550 U.S. at 555, an official policy or custom, of which a policymaker can be charged with actual or constructive knowledge.

**3.07** Plaintiff has failed to plead any facts that any of the individual Defendants had prior complaints against them for using excessive force and the City's failure to discipline them and/or institute corrective measures resulted in the individual Defendants using excessive force against the Plaintiff.

**3.08** Plaintiff has failed to plead with specificity how the hiring/screening was defective or identify the specific hiring/screening practice which encouraged the individual Defendants to use excessive force. Plaintiff has failed to plead with specificity how the training was defective or identify the specific training which encouraged the individual Defendants to use excessive force. Plaintiff has failed to identify the City policymaker involved in the training and plead the City's policymaker was deliberately indifferent in adopting the training policy. Plaintiff has failed to plead with specificity how the investigative policies were defective or identify the specific investigative policy which encouraged the individual Defendants to use excessive force.

**3.09** The City is entitled to dismissal of Plaintiff's §1983 claims because Plaintiff has failed to plausibly allege a constitutional violation whose "moving force" is an official policy or custom of which a policymaker had knowledge.

### A. Plaintiffs have not identified any facts to support a claim against Police Chief Victor Rodriguez

**3.10** Although Plaintiffs allege Defendant police officers took various actions, they do not identify any specific action taken by Defendant Police Chief Victor Rodriguez. Any federal claims against Defendant Police Chief Victor Rodriguez should therefore be dismissed. Specifically, Plaintiff provides that Defendant Police Chief Victor Rodriguez, "did not overtly personally participate in the

aforementioned offensive acts…". See Plaintiff's First Amended Original Complaint at ¶ 31.

### B. Plaintiffs have identified no facts to support a claim against Officer Andrew Garza

**3.11** Although Plaintiffs allege Defendant police officers took various actions, they do not identify any specific action taken by Defendant Officer Andrew Garza. Any federal claims against Defendant Police Officer Andrew Garza should therefore be dismissed. Specifically, Plaintiff merely offers conjecture to support his claim that Defendant Police Officer Andrew Garza, "…has a reasonable belief that officer Andrew Garza may be the Officer that perpetrated the above-reference actions." See Plaintiff's First Amended Original Complaint at ¶ 18.

### C. Plaintiffs have not identified a Fourteenth Amendment claim

**3.12** As discussed above, it is the Fourth Amendment that provides the standard for evaluation of any wrongful seizure or use of force claim, not the Fourteenth. *Baker v. McCollan*, 443 U.S. 137, 144, 99 S. Ct. 2689, 2694, 61 L. Ed. 2d 433 (1979). Plaintiffs cannot repackage a Fourth Amendment claim to establish a Fourteenth Amendment due process violation. *Albright v. Oliver*, 510 U.S.266, 273, 114 S. Ct 807, 127 L.Ed. 2d 1141 (1994), *quoting Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 1870, 104 L.Ed.2d 433 (1989). *See also, County of Sacramento v. Lewis*, 523 U.S. 833, 842-43, 118 S. Ct. 1708, 1714-16, 140 L. Ed. 2d 1043 (1998).

**3.13**   If Plaintiff intended to establish an independent Fourteenth Amendment due process claim, he must identify a property interest of which he was deprived, how that interest was constitutionally protected, or how any process used by Defendant Officers lacked fundamental fairness. *See Blackburn v. City of Marshall*, 42 F.3d 925, 936-37 (5th Cir. 1995); *Thompson v. Bass*, 616 F.2d 1259, 1265 (5th Cir.), cert. denied, 449 U.S. 983 (1980); *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Plaintiff has made no such allegations, however. Plaintiff's Fourteenth Amendment due process claim should therefore be dismissed.

## IV. Defendants are Entitled to Qualified Immunity

**4.01**   "Qualified immunity is an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009). Qualified immunity is an affirmative defense that the defendant official has the initial burden of pleading. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 1924, 64 L. Ed. 572 (1980). Once that defense is raised, the burden shifts to the plaintiff to prove that the government official is not entitled to qualified immunity. *Wyatt v. Fletcher*, 718 F.3d 496, 510 (5th Cir. 2013). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Crostley v. Lamar County*, 717 F.3d 410, 422 (5th Cir. 2013). A public official may assert qualified immunity at the initial pleading stage, as well as in a later motion for summary judgment. *Behrens v. Pelletier*, 516

U.S. 299, 307, 116 S. Ct. 834, 839, 133 L. Ed. 2d 773 (1996); *Pearson, v. Callahan*, 555 U.S. at 232, 129 S. Ct. at 815.

**4.02** There is a presumption that an individual defendant is entitled to federal qualified immunity. *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994). "Government officials who perform discretionary functions are entitled to the defense of qualified immunity, which shields them from suit as well as liability for civil damages, if their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Thomas v. Murray*, 107 F.Supp. 2d 748, 755 (N.D. Tex. 2000), *quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982). "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Saucier v. Katz*, 533 U.S. 194, 200, 121 S. Ct. 2151, 2156 (2001), *quoting Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806 (1985).

**4.03** To establish Defendants Police Chief Victor Rodriguez and Officers Raul Tovar and Andrew Garza are not entitled to qualified immunity, Plaintiff must satisfy a three pronged test: (1) he must allege facts that assert a violation of a constitutional right; (2) he must show how that this right was clearly established at the time of each defendant's actions, and (3) he must show that the defendant's actions were objectively unreasonable. *Eugene v. Alief Independent School Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995), *citing Harlow*, 457 U.S. at 815-19, 102 S. Ct. at

2736-38; Sorenson v. Ferrie, 134 F.2d 325, 327 (5th Cir. 1998). Even if a defendant's conduct infringes upon a constitutional right, qualified immunity shields government officials from liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct and of which a reasonable person would have known. *Taylor v. Barkes*, 135 S. Ct. 2042, 2044, 192 L. Ed. 2d 78 (2015); *Reichle v. Howards*, 132 S. Ct. 2088, 2093, 192 L. Ed. 2d 78 (2012). To be "clearly established" a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 732, 131 S. Ct. 2074, 2078 (2011); *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987).

**4.04** A Defendant is therefore entitled to qualified immunity if his conduct was objectively reasonable. *Hayter v. City of Mt. Vernon*, 154 F.3d 269, 274 (5th Cir. 1998). His subjective intent is irrelevant and his knowledge of the law need not rise to the level of a "constitutional scholar." *Sanchez v. Swyden*, 139 F.3d 464, 467 (5th Cir. 1998), *quoting Harlow*, 457 U.S. at 815-17, 102 S. Ct. at 2736-38. When properly applied, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *al-Kidd*, 563 U.S. at 743, 131 S. Ct. at 2085.

**4.05** In *Anderson*, "the Supreme Court refined the qualified immunity standard and held that the relevant question is whether a reasonable officer or public official could

14

have believed that his conduct was lawful in light of clearly established law and information possessed by him." *Thomas v. Murray*, 107 F. Supp. 2d at 756 (emphasis in original), *citing Anderson*, 483 U.S. at 641. "If public officials … of 'reasonable competence could disagree [on whether an action is legal], immunity should be recognized.'" *Id., quoting Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L.Ed.2d 271 (1986). In order to establish that the individual Defendants are not entitled to qualified immunity, Plaintiff is required to identify facts to establish that no reasonable person could have believed their alleged actions were reasonable in light of the clearly established law and information held by them at the time. Without any such evidence, the claims against the individual Defendants must be dismissed.

**4.06** In order to survive a motion to dismiss based on a claim of qualified immunity, the actions of the individual Defendants "must be pleaded with 'factual detail and particularity,' not mere conclusionary allegations." *Jackson v. Widnall*, 99 F.3d 710, 715- 16 (5th Cir. 1996), *quoting Schultea v. Wood*, 47 F.3d at 1430. The "heightened pleading" requirement for claims asserted against officials in their individual capacities was first enunciated in *Elliott v. Perez*, which required that once a claim of qualified immunity was raised, "the district court should on its own require of the plaintiff a detailed complaint alleging with particularity all material facts on which he contends he will establish his right to recovery, which will include detailed facts

15

supporting the contention that the plea of immunity cannot be sustained." 751 F.2d 1472, 1482 (5th Cir. 1985).

**4.07** Although Supreme Court "caselaw does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Kisela v. Hughes*, – U.S. – , 138 S. Ct. 1148, 1152, 200 L. Ed. 2d 449, (2018) (2018), *quoting White v. Pauly*, – U.S. –, 137 S. Ct. 548, 196 L. Ed. 2d 463 (2017). "[I]n the light of pre-existing law the unlawfulness must be apparent," *Anderson v. Creighton*, 483 U.S. at 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523. "[A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 572 U. S. – , 134 S. Ct. 2012, 2023, 188 L. Ed. 2d 1056 (2014).

**4.08** "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. Leblanc*, 691 F.3d 645, 648 (5th Cir. 2012).

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to

> reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.

*Schultea v. Wood*, 47 F.3d at 1433. "[V]indicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist" *Schultea v. Wood*, 47 F.3d at 1434.

**4.09** Plaintiffs alleged only that after seeing that Plaintiff had not followed the officers' commands to leave the scene and return to his residence, Officer Tovar grabbed Plaintiff by the wrist and flipped him onto the ground. Plaintiff's First Amended Original Complaint at ¶ 12. He does not allege Officer Tovar took any action prior to Plaintiff failing to follow an officer's reasonable command.

**4.10** Plaintiff is required to identify facts to establish that the conduct of the individual Defendants was objectively unreasonable. *Thomas v. Murray*, 107 F. Supp. 2d at 755, citing Evans v. Ball, 168 F.3d 856, 860 (5th Cir. 1999). Because they identified no action taken by the individual Defendants in violation of the Fourth, or Fourteenth Amendments, they have not identified a violation of a clearly established right, and the individual Defendants are entitled to qualified immunity and dismissal of all claims against them.

## V. A Stay of Discovery is Required

**5.01** While a defendant's assertion of immunity is pending, courts should not allow *any* discovery to take place. *Iqbal*, 129 S. Ct. at 1953-54.

## VI. The City is entitled to dismissal of Plaintiff's claim for punitive damages.

**6.01** The City is entitled to dismissal of Plaintiff's request for exemplary/punitive damages. Plaintiff is seeking to recover punitive damages against the City under Section 1983. This statute does not allow the recovery of punitive damages from a governmental entity. See 42 U.S.C. §1981a(b)(1). Municipalities are absolutely immune from liability under §1983 for punitive damage awards. *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 271 (1981). The recovery of punitive damages is not available from a governmental entity. *United States ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 244 F.3d 486, 491 (5th Cir. 2001) (discussing "the well-settled presumption that governments, including local governments, are not subject to punitive damages."); *Jefferson County v. Bernard*, 148 S.W.3d 698 (Tex. App. – Beaumont 2004, no pet.) ("No Texas statute expressly permits suit against the State for exemplary damages."). Plaintiff is not entitled to recover punitive damages against the City and thus, Plaintiff's claim for punitive damages should be dismissed by the Court.

## **VII. Relief**

**7.01**  Based on the foregoing grounds, Defendants Officer Raul Tovar, Officer Andrew Garza, McAllen Police Chief Victor Rodriguez and the City of McAllen pray that the Court dismiss all of Plaintiff's claims with prejudice and grant any further relief to which they show themselves justly entitled.

    Respectfully submitted,

    Kevin D Pagan
    City Attorney of McAllen, Texas

    /s/ Isaac J Tawil
    Isaac Tawil
    State Bar No. 24013605
    Federal ID No. 29804
    Attorney-in-Charge
    Assistant City Attorney
    1300 Houston Avenue
    McAllen, Texas 78501
    Telephone: (956) 681-1090
    Facsimile: (956) 681-1099
    Email: itawil@mcallen.net

    Austin Stevenson
    State Bar No. 24085961
    Federal ID No. 3157070
    Assistant City Attorney
    Email: astevenson@mcallen.net

    **ATTORNEYS FOR DEFENDANT**
    **THE CITY OF McALLEN**

## **CERTIFICATE OF SERVICE**

I certify that on December 3, 2019 a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system and was served on all counsel of record via the CM/ECF system and via email.

/s/ Isaac J Tawil
Isaac Tawil
